| iBROWN, Judge,
dissenting on rehearing.
What caused Mrs. Maranto’s disc injury? Mrs. Maranto was in good health before the August 25th accident; this fact was uncontro-verted and acknowledged in the majority opinion. The accident occurred on a Friday. After finding a nurse to assume her work duties that weekend, Mrs. Maranto rested at home. On Monday she saw her internist with complaints of nervousness and general aches and pains. She.was unable to return to work for a week.
*173 Although Mrs. Maranto worked from September 5th through October 17th, no accident or intervening incident occurred to cause her disc injury. Because of continuing pain she saw her internist on October 9th and then consulted an orthopedic specialist on October 17th. An MRI revealed a ruptured disc which was surgically removed on October 22nd.
Unquestionably, Mrs. Maranto is entitled to the presumption that her disc injury resulted from the accident. Dabog v. Deris, 625 So.2d 492 (La.1993). Even without this presumption, the accident on August 25th remains the only reasonable causal explanation for the disc injury. The speculation that the disc injury was somehow caused within this 34 day period (September 5 to October 9) by driving the short distance from Shreveport to Haughton is unrealistic.
The only support for the verdict was what appeared to be a contradictory statement by Mrs. Maranto in a deposition to the effect that her leg and hip pain did not start until early October. This allegedly impeaching statement does not negate the testimony of Mrs. Maranto and her internist of general pain, nor does it refute the logical conclusion of a causal connection between the accident and Mrs. Maranto’s disabling disc condition. In his hypothet to the medical experts, Mrs. Maranto’s attorney described exactly the above ^stated facts, including “... and you know about the right leg pain starting in October.” (Emphasis added). Each expert then stated that the August 25th accident was the more probable cause of the disc injury.
Unfortunately, a controversy concerning the composition of the rehearing panel in this court has occurred. A judge originally assigned by the clerk to the rehearing panel was removed and replaced after voting to grant a rehearing. Because the written policy of this court, as applied in this case, is confusing, plaintiff has a legitimate and serious question regarding the composition of the rehearing panel. After reading this court’s policy, I agree with plaintiff that the rehearing panel as originally constituted was correct.